PHEBE R. KISSAM, Respondent, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY and Another, Appellants.

*Recovery of damages to real estate caused by an elevated railroad — judgment, when defective in form.*

The judgment in favor of the plaintiff, in an action brought to recover the past and fee damages to real estate, caused by the operation of an elevated railroad, must provide that the plaintiff, upon receiving the amount adjudged as damages, shall execute and deliver to the defendants a release of the easements claimed to be injured, and a release of any mortgage or other lien that may exist thereon. If the judgment fails to so provide it is defective in form, and will be modified upon appeal.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of November, 1894, upon the decision of the court, rendered after a trial at the Kings County Special Term, enjoining and restraining the defendants from maintaining an elevated railway in front of the plaintiff's premises, and also from

the decision of the court entered in said clerk's office on the 13th day of November, 1894.

This action was brought to enjoin the operation of an elevated railway, to obtain the removal of the structure thereof, to recover past damages caused thereby, and, in case it should be determined to allow a continuance of such road for the purpose of public convenience, to recover an amount to be fixed as the value of the easements taken by the said company.

The judgment rendered in favor of the plaintiff, perpetually enjoining the maintenance of such elevated railroad in front of the plaintiff's premises until the payment of the judgment, awarded the plaintiff past damages, and awarded him a further sum besides costs. The judgment contained no provision that the plaintiff, upon receiving the amount thereof, should deliver a release of the easements claimed to be injured by the operation of the defendants' road.

*William H. Page, Jr.*, for the appellants.

*Stephen M. Hoye* and *Francis Russell Whitney*, for the respondent.

BROWN, P. J. :

The findings of the trial court upon the question of value are not without support in the testimony, and we cannot say that the proof preponderated in favor of a contrary result.

While the plaintiff's case is not a strong one, we are of the opinion that the conclusions of fact must stand. None of the exceptions taken require a reversal of the judgment.

The judgment is, however, defective in form and must be modified so as to provide that the plaintiff upon receiving the amounts adjudged as damages shall execute and deliver to the defendants a release of the easements claimed to be injured and a release of any mortgage or other lien that may exist thereon.

So modified, the judgment must be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment modified so as to provide that plaintiff, upon receiving the amounts adjudged as damages, shall execute and deliver to the defendants a release of the easements claimed to be injured, and a release of any mortgage or other lien that may exist thereon.